UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:14CV-P141-GNS

**STEVEN PHILIP DANIELS, JR.**                                            **PLAINTIFF**

v.

**ANNA NOYOLA** *et al.*                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Steven Philip Daniels, Jr., filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff states in the complaint form that he is a pretrial detainee at the Russell County Detention Center. In the caption of the complaint, Plaintiff lists the following Defendants: Anna Noyola and Eric Pickett, each of whom he identifies as an "SSC" employed by Child Protective Services of Russell County; Kentucky State Trooper Adam Likens; Loretta Cubbage, whom he identifies as a "Forensics Examiner" with "L.C.C.A.", which the Court presumes from later references is the Lake Cumberland Children's Advocacy Center; and Dr. Stephanie Jones, whom he identifies as an "L.C.C.A. Medical Professional." Plaintiff attaches a document he captions as "Attachment I" listing the following additional Defendants: Melissa Dudley, whom he identifies as an "FSOS" with Child Protective Services of Russell County; Dawn Swalley, whom he identifies as the mother of a child he is alleged to have sexually abused; Bobby Dunbar, the

Russell County Jailer; the Russell County Detention Center; Kentucky State Police Post 15; Lake Cumberland Children's Advocacy Center; Russell County Child Protective Services; Matthew Leveridge, whom he identifies as the prosecuting attorney; Circuit Judge Miniard; and "Any unamed Individuals."

Plaintiff's allegations concern the handling of an investigation of sexual abuse charges against him. He argues that the Defendant social workers, police officer, and agencies failed to properly investigate the abuse allegations; failed to secure evidence that would have proven his innocence; falsified documents stating that Plaintiff had made a full confession; failed to request a rape kit; failed to obtain DNA evidence; and other allegations concerning the investigation. He also states that the Defendant social workers, Jailer Dunbar, and the Russell County Detention Center violated HIPAA when they failed to obtain a release for records concerning Plaintiff's medical history and mental health status. He also states that inmates "are not allowed access to law books or materials at the Russell County Detention Center . . . ." With regard to Defendants Leveridge, the prosecutor, and Judge Miniard, Plaintiff alleges, "Excessive bond, excessive time of pretrial detainee, Failure to properly present evidence to Grand Jury, Biased." Plaintiff also states that Judge Miniard failed to "acknowledge pro-se motions" and engaged in "unethical practices."

As relief, Plaintiff seeks immediate release from custody, monetary damages, and injunctive relief in the form of preventing harassment and "further discrimination."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

### *Claims concerning criminal investigation*

Plaintiff essentially requests this Court to stop the pending state-court criminal case against him for sexual abuse and award him damages. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996)

(citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

The state has an important interest in adjudicating the criminal case. In light of the available avenues through which Plaintiff may raise a constitutional challenge in his pending case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. Therefore, *Younger* abstention is appropriate with respect to Plaintiff's claims concerning the criminal investigation. *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). These claims will be dismissed for failure to state a claim without prejudice.

### *Claims under HIPAA*

Plaintiff also alleges violations of HIPAA. Title II of HIPAA, the Health Insurance Portability and Accountability Act of 1996, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 U.S. Dist. LEXIS 108700, at *4 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. 42 U.S.C. § 1320d-5(d); *Sneed v. Pan Am. Hosp.*, 370 F. App'x

4

47, 50 (11th Cir. 2010). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983); *see also Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Siegler v. Ohio State Univ.*, No. 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389, at *8 (S.D. Ohio May 23, 2011). Accordingly, Plaintiff's claims under HIPAA fail to state a claim and will be dismissed with prejudice.

### *Claims against judge and prosecutor*

Furthermore, Plaintiff's claims against the judge and prosecutor for the handling his criminal action are subject to dismissal because both judges and prosecutors are entitled to absolute immunity from civil suit in actions arising from judicial proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Judicial immunity applies even if the judge's exercise of authority is flawed or there are procedural errors. *Stump*, 435 U.S. at 359. Prosecutors are immune from suit for activities intimately associated with the judicial phase of the criminal process. *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). It is clear from the complaint that Plaintiff's claims against Defendants Judge Miniard and Prosecutor Leveridge concern the judicial phase of the criminal case against him. As a result, both Judge Miniard and Prosecutor Leveridge are entitled to immunity from suit, and the claims against them will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### *Claims of denial of access to legal materials*

Finally, Plaintiff states that inmates "are not allowed access to law books or materials at the Russell County Detention Center . . . ." Prisoners have a constitutional right of access to the

courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

      Plaintiff alleges no actual injury from the alleged denial of access to legal materials. Moreover, there is no reason to believe that Plaintiff is not represented by counsel in the pending criminal action. *See Caton v. Maze*, 995 F.2d 881 (8th Cir. 1993) (per curiam) (finding no constitutional violation for denial of access to legal materials when public defender's office is available to conduct research and give advice). Accordingly, Plaintiff's claims concerning denial of access to legal materials will be dismissed with prejudice for failure to state a claim.

## IV.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion.

Date: March 4, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4416.010